**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GERALD DANIELS,

Petitioner - Appellant,

v.

JANET DOWLING, Warden,

Respondent - Appellee.

No. 18-5006
(D.C. No. 4:17-CV-00174-TCK-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Gerald Daniels, an Oklahoma state prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") to appeal the district court's denial of his application for federal

habeas relief under 28 U.S.C. § 2241. 28 U.S.C. § 2253(c)(1)(A); *see Montez v.*

*McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding "a state prisoner must obtain a

COA to appeal the denial of a habeas petition" that "was filed pursuant to . . . § 2241").

Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA. We also deny Mr.

Daniels's request to proceed *in forma pauperis* ("*ifp*").

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Daniels is pro se, we liberally construe his filings but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I. BACKGROUND

Mr. Daniels is serving a life sentence for his 1990 first degree murder conviction. In 1994, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence on direct appeal. In 2016, he filed his third state application for post-conviction relief, asking the court to declare that the term of his life sentence is 18-45 years or to modify his sentence to time served. The state court denied relief, and the OCCA affirmed.

In his amended § 2241 application, Mr. Daniels asserted two claims. First, he alleged that in 1997 the state legislature defined a life sentence to be 18-60 years and that he had, with good time credits, served his time. Second, he alleged an equal protection violation, contending that he and a white prisoner, Loyd Kennedy, filed identical state post-conviction relief applications and that Mr. Kennedy received relief and Mr. Daniels, who is black, did not. The federal district court denied both claims.

As to the first claim, the court said the "claim should be denied" "regardless of whether Petitioner failed," as the State had argued, "to exhaust administrative remedies." ROA, Vol. 1 at 60 (citing 28 U.S.C. § 2254(b)(2) (stating an unexhausted habeas claim may be denied on the merits)). The court denied the claim because it "alleges an error of state law rather than a cognizable federal habeas claim." *Id.* at 61. It said "[t]he crux of Petitioner's claim is that Oklahoma law requires that his life sentence be converted to a term-of-years sentence, and that in denying his request for

post-conviction relief, the state courts either misinterpreted or misapplied Oklahoma law." *Id.* at 60-61.

As to the second claim, the district court found it was not exhausted but chose to address and deny it under 28 U.S.C. § 2254(b)(2). The court said the state court order in Mr. Kennedy's case did not address the merits of the post-conviction application that were also alleged in Mr. Daniels's claim and therefore the order could not support Mr. Daniels's equal protection claim.

Finally, the district court denied a COA.

## II. **DISCUSSION**

To obtain a COA, Mr. Daniels must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

### A. *Term of Years Claim*

Federal habeas relief is not available to correct errors of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'' *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In his amended § 2241 application, Mr. Daniels did not assert a violation of federal law regarding his sentence. The OCCA explained that the Oklahoma law in question assigned a term of years to a life sentence only for the purpose of calculating parole eligibility, not to convert a life sentence to a "fixed term of years that can be discharged." ROA, Vol. 1 at 30. We see

3

no basis to question the district court's denial of Mr. Daniels's claim for failing to assert a federal law violation.

Unlike his § 2241 application, which makes no mention of a federal law violation, Mr. Daniels's brief on appeal argues that the Oklahoma sentencing scheme "gave him a due process right, a liberty interest, to have his earned credits deducted from his life sentence when a court or legislature defined life as a number of years." Aplt. Br. at Additional Page 4(b). He also contends "the OCCA's interpretation of State law should be re-examined, as it frustrate[s] due process." *Id.* The references to due process in Mr. Daniels's appellate brief do not excuse his failure to allege a due process or other federal law violation in his § 2241 application. His forfeiture of that argument in district court and failure to argue plain error in this court constitutes waiver. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128–31 (10th Cir. 2011).[2]

Because Mr. Daniels's claim rests on state law and any due process arguments he makes now have been waived, we conclude that reasonable jurists could not debate the district court's denial of his challenge to the term of his sentence. We therefore deny a COA on this issue.

---

[2] The OCCA, in affirming the denial of his petition for post-conviction review, stated that Mr. Daniels "has not demonstrated how law or regulations assigning a term of years to a life sentence for purposes of calculating parole eligibility have somehow caused his particular life sentence to become illegitimate or a violation of due process." ROA, Vol. 1 at 30. It is not clear whether the OCCA was responding to a due process argument or whether it *sua sponte* said that no due process violation had been shown. It is clear that Mr. Daniels did not allege a due process claim in his § 2241 application.

## B. *Equal Protection Claim*

The district court denied the equal protection claim because the state court order granting Mr. Kennedy's sentencing relief was not based on the claim that Mr. Daniels asserted in his third state post-conviction proceedings. The order in Mr. Kennedy's case stated that "[d]ue to health, age and number of years served by Defendant [Kennedy], the Court grants [the Motion] . . . and hereby sentences Defendant to time already served," ROA, Vol. 1 at 63. Mr. Daniels has not shown that the district court's reading of this order or its conclusion that the order fails to support his equal protection claim is incorrect.

Moreover, although Mr. Daniels may have submitted the same post-conviction relief application in state court that Mr. Kennedy submitted, Mr. Daniels does not show how he and Mr. Kennedy were similarly situated—e.g., similar type of conviction, time served, age, health, prison behavior history, and so on—an essential element of an equal protection claim. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (stating that under the Equal Protection Clause, "all persons similarly situated should be treated alike"); *Barney v. Pulsipher,* 143 F.3d 1299, 1312 (10th Cir. 1998) (stating a "viable equal protection claim" requires plaintiffs to show "they were treated differently from others who were similarly situated").

The district court correctly determined that Mr. Daniels had failed to establish an equal protection claim. Because reasonable jurists could not debate this determination, we deny a COA on this issue.

5

### III.  **CONCLUSION**

We deny Mr. Daniels's requests for a COA and to proceed *ipf,* and we dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge